IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MARK ANDREW HILDERBRAND, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-72 |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Second Amended Complaint and Plaintiff's Objections to the Report and Recommendation dated March 16, 2021. Docs. 19, 22. The Court **VACATES** the March 16, 2021 Report and Recommendation because Plaintiff has since amended his Complaint as a matter of course. The Court has reviewed and considered the arguments Plaintiff presents in his Objections. Doc. 19. After conducting an additional frivolity review of Plaintiff's Second Amended Complaint, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Attorney General Chris Carr and Warden Bobbitt and Georgia constitutional claims under Article I, Section I Paragraphs II, VII, and XXIX.[1]

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, I **FIND** Plaintiff has stated the following plausible claims: Eighth Amendment deliberate indifference claims and

---

[1] In his Second Amended Complaint, Plaintiff has not asserted claims against Defendants Georgia Department of Corrections, Georgia State Prison, Ward, Kemp, and Reno. Doc. 22. Because the Second Amended Complaint supersedes and replaces all previous Complaints, except to the extent Plaintiff has incorporated his Amended Complaint by reference, Plaintiff no longer maintains claims against these parties. Plaintiff has further expressed his intent to longer pursue claims against these parties. Doc. 21 at 2. Thus, I **DIRECT** the Clerk of Court to remove these Defendants from the docket.

state constitutional claims under Article I, Section I, Paragraphs I and XVII of the Georgia Constitution against: (1) Medical Director Sharon Lewis; (2) the Estate of Dr. Ochippinti; (3) Infectious Disease Specialist Sharon Brown; (4) Deputy Warden of Care and Treatment Mrs. Edwards; (5) PA Mrs. Riley; (6) PA Mrs. Jones; (7) PA Mr. Grach; (8) Mr. Veagas; (9) Ms. Clements; (10) Mrs. Millie; and (11) Mr. Johnson.  The Court has already ordered the United States Marshals Service to serve Defendants Lewis, Brown, Edwards, Riley, Jones, Grach, Veagas, and Clements.  These Defendants are not required to respond to Plaintiff's Second Amended Complaint at this time; the Court will set a deadline for these Defendants to answer at a later date.  The Court will direct service on the Defendants who have not yet been served—the Estate of Dr. Ochippinti, Millie, and Johnson—by separate Order.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver,

2

251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## PLAINTIFF'S CLAIMS

Plaintiff asserts claims both under the United States Constitution and Georgia Constitution.  Id. at 1–2.  Under the Georgia Constitution, Plaintiff cites to Article I, Section I, Paragraphs I, II, VII, XVII, and XXIX of the 1983 Georgia Constitution.  Id. at 2.

Plaintiff has incorporated certain factual allegations from his Amended Complaint by reference in his Second Amended Complaint.  Doc. 22 at 4.  Plaintiff alleges he contracted tuberculosis while housed at Georgia State Prison.  Doc. 15-1 at 3.  Plaintiff claims he was placed in a 56-man dormitory with another inmate who "was visably obviously very very ill for several months . . . ."  Id. at 4.  This inmate was latered diagnosed with tuberculosis.  Id.  Plaintiff later also tested positive for tuberculosis.  Id.  Plaintiff states he was then prescribed a nine-month series of "INH antituberculosis medication/treatment."  Id. at 5.  Plaintiff lists several Defendants who prescribed or gave him the medication, including: GDC Medical Director Mrs. Sharon Lewis, GDC Commissioner Brian Owens, Governor Sonny Perdue, Infectious Disease Specialist Mrs. Sharon Brown, GDC/GSP Warden Mr. Jariel, GDC/GSP Medical Director Mr. Broome, Deputy Warden of Care and Treatment Mr. John Paul, and "any/all other current at that time 'GDC/GSP PA's,' 'GDC/GSP nurses,' 'GDC/GSP staff/officials' and others.'"  Id. at 4–5.

Plaintiff alleges it was then discovered multiple inmates had been exposed to and infected with a drug-resistant strain of tuberculosis. Id. at 5. Plaintiff states he was then prescribed a six-month series of medication, only two months of which was actually provided. Id. Plaintiff claims he filed several grievances that were reviewed by Warden Jariel, Warden Chatman, Warden Williams, Warden Allen, Warden Deal, and Sharon Lewis. Id. at 6. Plaintiff alleges he has requested "the proper full series of prescribed anti-TB medication" from the following individuals: Mrs. Sharon Brown, Dr. Ochippinti, Mrs. Riley, Ms. Jones, Mr. Grash, all mental health counselors, GSP Unit managers, wardens, deputy wardens of care and treatment, and officers. Id. at 7. Plaintiff states these requests were denied. Plaintiff alleges he spoke with Mr. Veagas and Ms. Clements about the issue several times. Id. Plaintiff states he has been forced to live in a 106-man cell-block "that was/is rampant with many [positive] Covid infections . . . ." Id. at 8. Plaintiff alleges he has a suppressed immune system and is susceptible to contracting or dying from COVID-19. Id.

In his Second Amended Complaint, Plaintiff has added more factual detail surrounding his claims against Millie and Johnson. Plaintiff claims he was under Millie's care at Augusta State Medical Prison and she failed to properly treat him while he was held in a negative pressure cell. Doc. 22 at 5–6. Plaintiff claims he informed Johnson of his urgent needs for medical care on multiple occasions, and he ignored his requests for help. Id. at 6. Plaintiff states Attorney General Chris Carr is liable for the actions of Ms. Clements because she acted as Carr's agent. Id. at 5. Plaintiff sues for monetary damages and injunctive relief. Id. at 8.

4

**DISCUSSION**

**I.   State Constitutional Claims**

Plaintiff has listed numerous provisions of the Georgia Constitution under which he wishes to sue.  Doc. 22 at 2–3.  However, the Court finds Plaintiff only states plausible state constitutional claims under Article I, Section I, Paragraphs I and XVII.  Plaintiff has failed to explain how the other provisions of the Georgia Constitution cited connect to the factual allegations made in his Second Amended Complaint.  Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims under Article I, Section I Paragraphs II, VII, and XXIX.

**II.   Attorney General Chris Carr**

In his Second Amended Complaint, Plaintiff seeks to hold Defendant Carr liable for Ms. Clements' actions.  Doc. 22 at 5.  Plaintiff states Ms. Clements spoke with him in 2018 on behalf of Carr and recommended a full series of tuberculosis medication.  Id.  Thus, Plaintiff seeks to hold Attorney General Chris Carr vicariously liable for Ms. Clements' actions.  However, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates.  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Plaintiff has not alleged, for example, Carr participated directly in unconstitutional conduct or Carr was on notice of a need to correct a custom or policy.  Doc. 22 at 5.  Plaintiff still has not stated plausible claims against Attorney General Chris Carr.  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Attorney General Chris Carr.

**III.   Warden Bobbitt**

Although Plaintiff lists Warden Bobbitt as a party in the case heading of his Second Amended Complaint, he does not explain anything further regarding his claim against Warden

5

Bobbitt in either his Second Amended Complaint or the sections of his Amended Complaint he has incorporated by reference.[2]  Plaintiff has not alleged an action taken by Warden Bobbitt that violated his constitutional rights.  Nor has Plaintiff explained how Warden Bobbitt can be held liable for injunctive or declaratory relief.  Plaintiff has not stated sufficient factual information to state a plausible claim against Warden Bobbitt.  Twombly, 550 U.S. at 570.  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Warden Bobbitt.

## CONCLUSION

The Court **VACATES** the March 16, 2021 Report and Recommendation.  For the reasons explained above, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Attorney General Chris Carr and Warden Bobbitt and Georgia constitutional claims under Article I, Section I Paragraphs II, VII, and XXIX.  The Court finds the following portions of Plaintiff's Second Amended Complaint survive frivolity review: Eighth Amendment deliberate indifference claims and state constitutional claims under Article I, Section I, Paragraphs I and XVII of the Georgia Constitution against, Medical Director Sharon Lewis, the Estate of Dr. Ochippinti, Infectious Disease Specialist Sharon Brown, Deputy Warden of Care and Treatment Mrs. Edwards, PA Mrs. Riley, PA Mrs. Jones, PA Mr. Grach, Mr. Veagas, Ms. Clements, Mrs. Millie, and Mr. Johnson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

---

[2]   In his Objections, Plaintiff states, "Warden Bobbitt was/is aware of Covid-19 being in the dorm actively.  He or his agents had to make the risky assignment."  Doc. 21 at 4.  Plaintiff only states this in his Objections and has not included it in his Second Amended Compliant.  Even so, this is not sufficient factual matter to state a plausible claim against Warden Bobbitt.

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA