IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARK ANDREW HILDERBRAND,

Plaintiff,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

CIVIL ACTION NO.: 6:19-cv-72

## O R D E R

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated May 20, 2021. Doc. 44. For the reasons discussed below, the Court **OVERRULES** Plaintiff's Objections. Furthermore, the Court **DISMISSES** Ms. Sharpe as a Defendant and **DENIES** Plaintiff's request for preliminary injunctive relief, to the extent he seeks such relief.

## BACKGROUND

Plaintiff filed this action asserting claims under the United States Constitution and Georgia Constitution on July 29, 2019. Doc. 1. Because of deficiencies in his original Complaint, the Magistrate Judge ordered Plaintiff to file an Amended Complaint. Doc. 13. Plaintiff filed an Amended Complaint on November 30, 2020. Doc. 15. After completing frivolity screening under 28 U.S.C. § 1915A, the Magistrate Judge recommended dismissal of certain claims, while ordering service of others. Docs. 19, 20. After Plaintiff filed Objections to the original Report and Recommendation and a Second Amended Complaint, the Magistrate Judge vacated the March 16, 2021 Report and Recommendation. Docs. 21, 22, 35. The Magistrate Judge then completed a frivolity screening of Plaintiff's Second Amended Complaint. Doc. 36. In the May 20, 2021

Report and Recommendation, the Magistrate Judge recommended the Court dismiss all claims against Defendant Attorney General Chris Carr and Warden Bobbitt and Georgia constitutional claims under Article I, Section I, Paragraphs II, VII, and XXIX. Id. The Magistrate Judge also directed service on additional Defendants. Doc. 37. Plaintiff's Objections to the May 20, 2021 Report and Recommendation are now before the Court for consideration. Doc. 44. In his Objections, Plaintiff states he accepts the dismissal of Attorney General Chris Carr as a Defendant and Georgia constitutional claims under Article I, Section I, Paragraphs II, VII, and XXIX. Id. at 2.

## DISCUSSION

In his Objections, Plaintiff sets forth three arguments. Doc. 44. The Court addresses each in turn.

### I.    Warden Bobbitt

First, Plaintiff contends the Magistrate Judge should not have recommended dismissal of Warden Bobbitt as a Defendant when the Court already directed service against him. Doc. 44 at 2–3. As the Magistrate Judge noted, Plaintiff did not assert any factual allegations against Warden Bobbitt in his Second Amended Complaint or the sections of the Amended Complaint he incorporated by reference. Doc. 36 at 5–6. Whether the Court had already ordered service on Warden Bobbitt is immaterial. Because Plaintiff has not stated sufficient factual matter to state a plausible claim against Warden Bobbitt, the Magistrate Judge did not err in recommending dismissal of this Defendant. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, this portion of Plaintiff's Objections is **OVERRULED.**

## II. Ms. Sharpe

Second, Plaintiff contends the Magistrate Judge should have found he stated a viable claim against Ms. Sharpe because he included factual allegations relating to her in his Objections to the March 16, 2021 Report and Recommendation. Doc. 44 at 4. However, Plaintiff did not include any factual allegations relating to Ms. Sharpe in either his Second Amended Complaint or the sections of the Amended Complaint he incorporated by reference. Doc. 22 (citing Doc. 15). Plaintiff only listed Ms. Sharpe in the heading of his Second Amended Complaint. Doc. 22 at 1. Thus, Plaintiff has not stated sufficient factual matter to state a plausible claim against Ms. Sharpe. Twombly, 550 U.S. at 570. Plaintiff had ample opportunity to make clear factual allegations against this Defendant when he amended his Complaint for the second time. Although the Magistrate Judge did not address Ms. Sharpe in his Report and Recommendation, the Court **DISMISSES** Ms. Sharpe as a Defendant.

## III. Law Library, Legal Supplies, Photocopying, and Postage

Third, Plaintiff contends the Magistrate Judge erred in failing to address his request for law library access, legal supplies, photocopying, and sufficient postage. Doc. 44 at 4. The Court construes this portion of Plaintiff's Objections as requesting a preliminary injunction. However, Plaintiff did not definitively state he sought a preliminary injunction or even immediate relief whatsoever in his Second Amended Complaint. Doc. 22 at 7.

A movant bears the burden of demonstrating four necessary elements for temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the relief would cause the other litigant; and (4) the relief would not be averse to the public interest. Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014); Schiavo ex rel.

3

Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff has not shown a substantial likelihood of success on the merits at this point in the litigation. Plaintiff has not clearly explained in his Objections or Second Amended Complaint how he will succeed on the merits of his case. Additionally, Plaintiff has not clearly asserted an access to the courts claim against any specific Defendant. Thus, his present request for a preliminary injunction is unrelated to the claims pending before this Court. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018). Thus, the Court **DENIES** Plaintiff's request for a preliminary injunction to the extent he seeks such relief.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's May 20, 2021 Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. Furthermore, the Court **DISMISSES** Ms. Sharpe as a Defendant and **DENIES** Plaintiff's request for preliminary injunctive relief to the extent he seeks such relief.

**SO ORDERED**, this _13th_ day of July, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA