IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARK ANDREW HILDERBRAND,

Plaintiff,

v.

SHARON LEWIS, et al.,

Defendants.

CIVIL ACTION NO.: 6:19-cv-72

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated September 2, 2022. Doc. 122. The Magistrate Judge recommended the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment because Plaintiff failed to present any evidence any Defendant was deliberately indifferent to Plaintiff's latent tuberculosis ("TB") or any evidence of any injury. Doc. 119 at 16, 17.

In his Objections, Plaintiff argues the Magistrate Judge erred in five different ways, that the Magistrate Judge's Report should be rejected, and the Court should grant summary judgment in his favor.[1] Doc. 122 at 5–12. First, Plaintiff argues the Magistrate Judge inaccurately construed the Complaint as not asserting a claim based on Plaintiff's initial exposure to TB. Id. at 5–6. The

---

[1] Plaintiff does not object to some portions of the Magistrate Judge's Report, including the Magistrate Judge's conclusions that: Plaintiff failed to point to any evidence showing he suffered an injury; Plaintiff's claims under the Georgia Constitution fail as a matter of law; and Plaintiff's claims against the Estate of Dr. Ochippinti should be dismissed for lack of service. The Court concurs with and adopts the Magistrate Judge's recommendations on each of these issues. These reasons are sufficient on their own to grant summary judgment in Defendants' favor. The Court will, nonetheless, address Plaintiff's claims of error for the sake of completeness.

Magistrate Judge explained Plaintiff's claims, as amended, concerned only Plaintiff's claims of inadequate treatment of Plaintiff's latent TB, not Plaintiff's initial exposures in 2009 to 2011. Id. at 4 n.7. The Magistrate Judge explained, even if Plaintiff did intent to assert a claim based on his initial exposure, such a claim would fail for numerous reasons. See id. (determining Plaintiff's exposure claim would be barred under the statute of limitations and there is no evidence in the record any of the named Defendants were involved with Plaintiff's exposure to TB). In his Objections, Plaintiff argues his claim is based on his initial exposure as well as subsequent treatment, but the argument is wholly conclusory. Plaintiff fails to explain how the Magistrate Judge's construction of the operative Complaint was erroneous, and Plaintiff fails to address any of the other reasons provided by the Magistrate Judge for why an exposure-based claim would fail. Furthermore, the Court agrees with the Magistrate Judge's construction of Plaintiff's Complaint and agrees such a claim would fail for numerous reasons. Plaintiff's first claim of error is meritless.

Second, Plaintiff argues the Magistrate Judge incorrectly stated an x-ray of Plaintiff's chest demonstrated Plaintiff had clear lungs. Doc. 122 at 6; Doc. 119 at 9. Plaintiff points to an x-ray from August 6, 2010, as proof the Magistrate Judge erred. Doc. 122 at 6. The Magistrate Judge expressly identified the August 6, 2010 x-ray but did not describe the results. Doc. 119 at 8. Later in the Report, the Magistrate Judge discussed another x-ray from December 2, 2010—almost four month later—which revealed Plaintiff had clear lungs. See id. ("On December 2, 2010, Defendant Brown saw Plaintiff for a periodic health assessment . . . . An x-ray of Plaintiff's chest was also taken, which demonstrated Plaintiff had clear lungs."); see also Doc. 108-31 at 9 (radiology report from December 2, 2010, stating, "Two views of the chest dated 12-2-10 demonstrate clear lungs"). The Magistrate Judge did not overlook the August 6, 2010 x-ray or misrepresent the December 2,

2010 x-ray. More importantly, Plaintiff fails to explain how the August 6, 2010 x-ray results would have impacted the Magistrate Judge's analysis in any way, and it is clear the results of August 6, 2010 x-ray do not undermine the Magistrate Judge's recommendation. Thus, Plaintiff's second claim of error is without merit.

Third, Plaintiff argues Magistrate Judge erred by concluding Plaintiff was exposed to TB twice for the purposes of summary judgment. Doc. 122 at 7. Plaintiff asserts the Magistrate Judge made an improper medical determination in finding Plaintiff was exposed to TB twice. Id. at 9. In the Report, the Magistrate Judge summarized the record before him and acknowledged some ambiguity in the record as to whether there was one or two exposures and concluded for the purposes of summary judgment Plaintiff was exposed twice. Doc. 119 at 11 n.11. In his Objections, Plaintiff asserts he was only exposed once, but Plaintiff fails to show the Magistrate Judge's assessment of the record was erroneous. Further, whether Plaintiff was exposed once or twice is immaterial to resolution of Defendants' Motion for Summary Judgment. As explained, Plaintiff did not assert a claim based on his initial exposure, and, even if he had, such a claim would fail. Plaintiff has not shown any error by the Magistrate Judge or demonstrated the claimed error would undermine the Magistrate Judge's recommendation in any way. Thus, the third claim of error is meritless.

Fourth, Plaintiff argues Defendants' Motion for Summary Judgment should have been denied because Defendants violated the Centers for Disease Control's guidelines and Georgia Department of Corrections' Clinical Update 04.01. Doc. 122 at 9–10. Plaintiff argues Defendants' failure to follow their own policies demonstrates deliberate indifference. The Magistrate Judge considered a similar argument by Plaintiff and correctly rejected it. Doc. 119 at 25. It is well-established that "failure to follow procedures does not, by itself, rise to the level of deliberate

indifference because doing so is at most a form of negligence." Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000); see also Dang by and through Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1282 (11th Cir. 2017) ("A violation of Jail policy does not in itself rise to the level of deliberate indifference."). Plaintiff's fourth claim of error is without merit.

Finally, Plaintiff argues his Motion for Summary Judgment should be granted because "the record and both parties freely admit" Defendants unlawfully exposed Plaintiff to TB and failed to follow their own policies in treating his TB. Doc. 122 at 12. Plaintiff is incorrect. Defendants do not admit they unlawfully exposed Plaintiff to TB or inappropriately treated him for TB. Instead, Defendants argue all evidence of record shows they were not deliberately indifferent to Plaintiff's serious medical needs. The Magistrate Judge fully considered the record and the parties' positions in the cross-motions for summary judgment and correctly concluded the record does not support any claim of deliberate indifference and does not reflect a genuine dispute about any material fact.

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. Doc. 122. The Court **CONCURS** with the Magistrate Judge's Report and Recommendation and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. Thus, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment. The Court further **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 26th day of September, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA